### FREDERICK ZUCHTMANN *vs.* JOHN N. ROBERTS.

The plaintiff, who had sold a chattel to a third person on condition that it should remain the plaintiff's until paid for, and had given him a receipted bill of parcels therefor, omitting at his request any statement of the condition, told the defendant, in reply to inquiry, that he had sold it to the third person; and the defendant thereupon, having seen the bill from the plaintiff, bought the chattel from the third person, who had not paid the plaintiff for it. *Held*, that, in the absence of fraud, the plaintiff was not estopped to claim the chattel from the defendant.

REPLEVIN of a piano. Writ dated March 24, 1870. Trial in the superior court, without a jury, before *Brigham*, C. J., who found the following facts : " The plaintiff, who was a seller of pianos, on February 16, 1870, sold to George F. Atwood the piano replevied, for $600, on condition that it should remain property of the plaintiff until the price was paid. Atwood, upon the delivery of the piano to him on that condition, gave the plaintiff his promissory note as follows : ' $600. Boston, February 16, 1870. Thirty days after date, I promise to pay to the order of Frederick Zuchtmann six hundred dollars, value received ; and piano, style 4, No. 1988, is the property of Frederick Zuchtmann until this note is paid in full. George F. Atwood.' This note remains unpaid. At the time of delivering the piano to Atwood, the plaintiff gave to him a receipted bill of parcels therefor, from which any statement of the conditions of sale was omitted by request of Atwood, who said that ' he wished to show the bill to his wife and to a friend, to satisfy them that he had paid for the piano.' The plaintiff, on inquiry by the defendant's agent sent to inquire as to the title, made a declaration to the agent that he had sold the piano to Atwood, of which the defendant was informed before the loan hereinafter named was made. The defendant, in February 1870, lent to Atwood $287.51, and received from

Atwood the piano, together with the bill from the plaintiff, with-out notice, express or implied, of the condition of sale of it by the plaintiff to Atwood, who exhibited to the defendant, in nego-tiating for the loan, the bill given to him by the plaintiff, as evi-dence of his absolute title to the piano."

Upon these facts, the judge ruled that the plaintiff was entitled to the possession of the piano, as against the defendant, and found for the plaintiff, with nominal damages. The defendant alleged exceptions.

*I. J. Cutter*, for the defendant.

*C. S. Lincoln*, for the plaintiff.

COLT, J. Jury trial was waived, and the findings of the judge on all matters of fact are conclusive. He finds that the sale of the piano was upon express condition that the property in it should remain in the plaintiff until paid for, and that this condi-tion had never been complied with. The other facts reported do not necessarily make out an estoppel, or prevent the plaintiff from asserting his title as against this defendant. There is no fraud found, nor is it found that the bill of parcels was given, or the statement, that he had sold the piano to Atwood, made by the plaintiff, with any knowledge or reasonable cause to believe that they were to be acted upon by anybody, or that the statement was to one who was sent as an agent by the defendant to inquire, or was intended to deceive by giving Atwood a false credit. In the language of Mr. Justice Curtis, " to constitute such an estop-pel, a party must have, designedly, made an admission inconsis-tent with the defence or claim which he proposes to set up, and another party have, with his knowledge and consent, so acted on that admission that he will be injured by allowing the admission to be disproved." *Hawes* v. *Marchant*, 1 Curtis C. C. 136, 144. *Audenried* v. *Betteley*, 5 Allen, 382. *Turner* v. *Coffin*, 12 Al-len, 401.

The case of *Cornish* v. *Abington*, 4 H. & N. 549, cited by the defendant, is not in conflict with this. It was an action for goods sold and delivered. There was evidence that a prior account in the same business had been made out to the defendant and paid by him, and that other invoices of goods supplied had been sent

to him, charging him with the price, to which no objection was made by him to the plaintiff. The jury found that, from the manner in which the defendant had acted, the plaintiff believed he was selling the goods to him; and judgment was for the plaintiff on the ground that the defendant had so conducted himself that the plaintiff had the right reasonably to infer the existence of an agreement or license, and to act upon such inference, although the defendant did not so intend; the principle being that a party to an alleged contract cannot escape the natural and reasonable interpretation of the language used or the acts done by him, by showing that the language was used or the acts done with a different and undisclosed intent. *Wright* v. *Willis*, 2 Allen, **191.** Chit. Con. (5th Am. ed.) 74. *Exceptions overruled.*