GEORGE ABHAM, Respondent, *against* ROBERT BOYD, Appellant.

(Decided February 5th, 1877.)

In proceedings to enforce mechanics' liens, a sub-contractor is not estopped from asserting his lien as against the owner by reason of the fact that the owner was induced to employ a certain contractor to build, by parol statements of such sub-contractor, that the contractor was responsible, and that if he was employed, he, the sub-contractor, would be responsible that the contractor would so perform his contract that no liens would be filed, such agreement being void, not being, under the Statute, in writing and there being nothing in it that operated by way of estoppel.

APPEAL from an order made at special term by Judge LOEW, denying a motion made by the defendant, Boyd, for leave to amend his answer.

This proceeding was commenced by Abham and others to foreclose a mechanic's lien on premises in the city of New York, but they failed to proceed with the proceedings and issues were joined between Stone, a defendant, sub-contractor and lienor, and Boyd, another defendant and owner of the premises. Boyd moved for leave to amend his answer by setting up as a defence to the lien of Stone that Boyd was induced by the representations of Stone to contract for building with Ward, another defendant and contractor; that Stone represented that Ward was responsible; that if Ward was employed he, Stone, would be responsible that Ward would perform the contract, and in such a manner that there would be no liens filed against the premises, and it was from the order denying this motion that this appeal was taken.

*James W. Culver*, for appellant Boyd.

*E. J. Spink*, for respondent Stone.

ROBINSON, J.—This is an appeal from an order denying the defendant Boyd the privilege of amending his answer by putting in an additional defense. The denial of the motion was justified by the long delay that had occurred since

the joining of the issue (in 1871) and also by the lapse of time since the alleged representations of Leander Stone were claimed to have been made and when the recollection of the precise words used must in a great measure have escaped the memory.   But there is no substantial defense set out in the supposed amendment, which seeks to have Leander Stone adjudged to have been estopped from asserting the lien he set up in the action, by reason of such representations.   The action was instituted by other lienors to forclose mechanics' liens claimed to have been imposed on the property of the defendant Boyd, who had contracted with the defendant William Ward, for the erection of buildings upon the premises.   The lien of Stone is as a sub-contractor for materials supplied to Ward and used in the building.   The matter alleged by this amended answer, and which is supposed to constitute a defense against his claim, is that when Boyd the owner was negotiating with Ward for the contract, he was referred by Ward to Stone as to his character and responsibility, and " as a proper person to make an agreement for (building) the houses, and to make a contract to do so ; " that in response to such inquiry said Stone said he was well acquainted with Ward ; that Ward was a proper responsible person as a builder to construct said building, and also said and represented to said Boyd, for the purpose of inducing him to make such contract with Ward, that he said Stone would be responsible for the performance of the contract, and that said Ward should discharge said obligation and build said houses, so that no bills should be made to charge said building with liens, and that no liens should be allowed to be filed against said building, if he Boyd would let the said work to said Ward.   That relying wholly on said representation he did so make the contract with Ward.

There is no allegation that all such representations as to Ward's character and responsibility were not true, and Stone incurred no legal responsibility to keep the premises free from liens, as any such an obligation to be binding must have been in writing.   Nor does there exist any principle in equity or good faith which debars Mr. Stone from asserting any

lien he may have for the materials supplied to Ward. This suit, and all proceding under it are of no avail, if Boyd, the owner, has promptly paid Ward what became due under the contract. The lien of sub-contractors are of no efficacy except by way of subrogation to some such indebtedness of Boyd to Ward. The principle of an estoppel, is where a statement is made by a party intended to influence the conduct of the person with whom he is dealing, and thereby actually leads him into a line of conduct which must be prejudicial to his interests, unless the person so making the statement or admission be cut off from the power of retraction. (*Dezell* v. *Odell*, 3 Hill, 215 ; *Thorn* v. *Bell*, Hill & D. Supp. 430.) To warrant the doctrine of equitable estoppel there must generally be some intended deception, or such gross neglect on the part of the party sought to be estopped, as would constitute *a constructive fraud* on the person misled to his injury. (Story Eq. Jur. § 391 ; *Henshaw* v. *Bissell*, 18 Wall. 271 ; *Zuchtman* v. *Roberts*, 109 Mass. 53.) There is no suggestion contained in the proposed pleading that Mr. Stone made the assurance that the buildings should be kept from liens with any designed or ulterior purpose of availing himself of any misapprehension created by his verbal promise. There is no breach of good faith or fair dealing in Mr. Stone's pursuing the course he has taken to compel Mr. Boyd to pay to him money due on the contract to Ward, and to which as a sub-contractor he is legally subrogated to the extent of his lien.

The order appealed from should be affirmed with costs.

CHARLES P. DALY, Ch. J., concurred.

Order affirmed with costs.