Raymond & Wilshire *v.* S. B. Dole and W. L. Wilcox, Assignees, Etc.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1879.

*Harris, C. J., Judd and McCully, J.J.*

RAYMOND & WILSHIRE *vs.* S. B. DOLE AND W. L. WILCOX, ASSIGNEES IN BANKRUPTCY OF E. STREHZ.

SUBMISSION OF FACTS UNDER THE CIVIL CODE.

BY THE TERMS OF the written agreement of sale the title to the property was not to pass to purchaser until full payment had been made, and in default of payment the vendor was to have the right to take possession of the property;

HELD, payment was a condition precedent and the property did not pass to the purchaser's assignees in bankruptcy.

Opinion of the Court by JUDD, J.

It appears by the submission that a fireproof safe was delivered by plaintiffs' agent, C. O. Berger, to E. Strehz, in Honolulu, who signed the following paper:

"HONOLULU, May 30, 1879.

"Raymond & Wilshire, San Francisco, California—Please ship as directed one No. 3 Macneale & Urban fireproof safe, of the dimensions specified below, marked to E. Strehz, Town of Honolulu, Hawaiian Islands, via schooner, for which (delivered at wharf or depot in Honolulu) I agree to pay to your order the sum of ($165) one hundred and sixty-five dollars in U. S. gold coin, as follows: Will remit 90 days after arrival of safe. Letter E. Strehz. And it is agreed that you do not part with nor relinquish your claims on or title to said safe until all deferred payments or notes are fully paid, and in default of the payment for the safe as agreed, you or your agent may, without process of law, take possession of and remove

said safe and retain any payments that may have been made on account of said safe, in lieu of the use of said safe, or charges and damages on same.   It is further agreed that all payments are to be made free of expense to Raymond & Wilshire, at their office in San Francisco, or they, at their option, may draw on us as payments fall due for amount due and exchange added.

"Outside dimensions:   $36\frac{1}{2}$ inches high, 26 inches wide, $23\frac{1}{2}$ inches deep.                    C. O. BERGER, Agent.

E. STREHZ."

Strehz filed a petition in bankruptcy August 5, 1879.   The safe was then in his possession, and it passed to his assignees in bankruptcy.   He had not paid the agreed price or any part of it.   The plaintiffs claimed possession of the safe of the defendants, who are Strehz's assignees in bankruptcy, and the question is whether they are entitled to it.

This question is one that has had much attention from Courts and text writers.

The purchaser in the case at bar agrees that the sellers "do not part with nor relinquish their claims on or title to the safe until all deferred payments or notes are fully paid," thus making it clear that it was the intention of the parties that it was a sale conditioned on the payment, and that the time when the title was to pass to the purchaser was when payment was fully made.

Benjamin on Sales, Section 320, has the following rule: "Where the buyer is by the contract bound to do anything as a condition, either precedent or concurrent, on which the passing of the property depends, the property will not pass until the condition be fulfilled, even though the goods may have been actually delivered into the possession of the buyer."

The note to the above text is, "Where goods are sold at a fixed price, to be paid on a certain day, and delivery is made upon an agreement, express or implied, that until the price is paid the title is to remain in the vendor, payment is a con-

dition precedent, and until performance the property is not vested in the purchaser." The citations fully support the text.

Blanchard *vs.* Child, 7 Gray, 155. Here an omnibus was delivered under an agreement that the purchaser might use it, and that it should become his property on the payment of $150, but if he failed to pay that sum, it should remain the property of the plaintiff, and he should pay a reasonable sum for its use. The purchaser took the omnibus, repaired it, used it, painted his name on it; when it was attached and sold on execution of third party, it was recovered by replevin at the suit of the seller. The Court held that "the sale of the omnibus on a condition which had not been complied with by the vendee vested no title in him which could pass by the sale on execution to the defendant." The right of property still remained in the plaintiff.

In the case of Burbank *vs.* Crooker, 7 Gray, 158, the same principle is affirmed; but the Court distinguishes a sale of individual articles in a country store, where the plaintiff might be estopped to assert any right adverse to a subsequent purchaser, he having placed the goods in the hands of a dealer on the understanding that they were to be thus used.

In Day *vs.* Bassett, 102 Mass., 445, the buyer of machinery, who held it on condition that it should remain the property of the seller until the price was paid, sold it to a third person, and afterwards tendered the price to his seller, who had never demanded payment. Held, upon the tender, although it was refused, the title passed to third person, and the Court, Chapman, C. J., said that the condition had been fulfilled, and the purchaser's title completed by the tender.

See also Zuchtmann *vs.* Roberts, 109 Mass., 53, and Benner *vs.* Puffer, 114 Mass., 377 (1874), where the Court held that when by agreement for sale the title is to pass not upon delivery but upon a subsequent payment, the vendor, the vendee being in default, may retake the goods from one claiming through the vendee.

In Porter vs. Pettengill, 12 N. H., 299, Parker, C. J., said that as the purchaser by the terms of his receipt was to pay for the cooking stove and furniture so much a month or return it, it was a bailment until the price was paid, and the sellers did not intend to part with the property until they received their pay.

In McFarland vs. Farmer, 42 N. H., 386, horses had been exchanged, Soule, one of the parties, agreeing to pay $75 in addition, and it was verbally agreed that the horse received by Soule should be the plaintiff's until the money was paid. The horse was attached at the suit of a third party and sold. Sargent, J., said: "As between the parties to the contract the property will not be presumed to pass, against the express agreement of the parties that it should not pass; but on the other hand, it is the policy of the law to carry out and effectuate the intent of the parties where that can be done without prejudice to the rights of third parties whose interests may have become involved in the subject matter of the contract.

In New York State, Herring vs. Hoppock, 15 N. Y., 409, the plaintiff brought an action against the defendant for wrongfully taking and converting an iron safe. The plaintiff delivered the safe to the purchasers, who signed the following agreement:

"NEW YORK, February 6, 1852.

"Received from Silas C. Herring one Salamander patent safe, No. 4910, delivered to us this day under a bargain for the sale thereof, and for whcih we have given our note at six months for $235. And it is expressly understood that Herring neither parts with, nor do we acquire, any title to said safe until said note is fully paid; and in case of default in the payment thereof at maturity, said Herring is hereby authorized to enter our premises and take and remove said safe and collect all reasonable charges for the use of the same.

"BROOKS & HOPKINS."

Brooks & Hopkins failed to pay their note. The safe was

levied upon under two executions, one in favor of the defendant Hoppock and the other in favor of one Jackson. After levy, and before sale, the plaintiff Herring notified the officer of his title to the safe.

The Court, Paige, J., said: "The special agreement under which the safe was delivered by the plaintiff to Brooks & Hopkins was nothing more than an executory contract of sale, to be completed on the payment at its maturity of the note for $235 given for the stipulated price of the safe. This agreement neither divested the plaintiffs' title to the safe nor transferred any title to it to Brooks & Hopkins. The only interest the latter could possibly acquire by virtue of the agreement in respect to the safe was a right by implication to its use until the maturity of the note, and that interest terminated the moment Brooks & Hopkins made default in the payment of the note at the time it became due."

Comstock, J., said: "The sale was a conditional one, so that no title to the safe could vest in Brooks & Hopkins until they paid the note given for the price."

This case is on all fours with the one at bar, and is decisive of it in our minds. We have quoted thus extensively from the authorities, as the case is a new one to this country. We have been shown some recent cases, which are urged to induce the Court to disregard this reasoning. The cases are Domestic Sewing Company vs. Anderson, reported in 15 Albany L. J., p. 64, and Victor Sewing Machine Company vs. Hardus, 16 Id., p. 442; also, Green vs. Church, 17 Id., p. 299. In these cases the "receipt" for the sewing machine was an artfully drawn lease, in which the rental was really the agreed price of the machine, and the Courts allowed parole evidence to show what the real bargain was between the parties, and in some cases set the "receipt" aside as fraudulent and contrary to public policy. In all these cases, a large proportion of the price had been paid and the seller or lessor sought to recover possession of the machine by replevin. In the case at bar we

are free from embarrassment on this case, because no part of the price of the safe has been paid, the bankruptcy in fact intervening before the stipulated time of payment.    We have no occasion to say what we would hold in cases like the above cited where deferred payments were required and made.

Judgment for plaintiffs for possession of the safe and costs.

R. F. Bickerton for plaintiffs.

S. B. Dole for Assignees.

Honolulu, October 25, 1879.