## WEEKS v. PIKE.

A sale and delivery of chattels, on condition that the property is to remain the vendor's until the purchase-money is paid or secured, vests no title in the vendee, and the vendor on failure of payment may repossess himself of the chattels, or maintain trover for them against a subsequent purchaser from the vendee.

TROVER, for a car-load of lumber. The plaintiff, a manufacturer of lumber at Canaan, through an agent at Manchester, sold a car-load of boards to Foster, to be forwarded to Raymond, the property to remain the plaintiff's until paid for. The plaintiff loaded and sent forward the boards consigned by way-bill to Foster at Raymond. Foster, obtaining information of the time when the car passed through Manchester, procured the destination in the way-bill to be changed from Raymond to Epping. The boards were carried to Epping, and on the day of their arrival sold by Foster to the defendant, who paid Foster for them including the freight charges, and took them away. He supposed Foster had a right to sell them. Foster used the money for his own purposes, and neither he nor anybody else has ever paid the plaintiff. As soon as the plaintiff ascertained what had become of his boards, he made a demand upon the defendant. A referee found the defendant guilty, and assessed damages, and the defendant excepted.

*Marston & Eastman*, for the defendant.

*Copeland & Dodge* and *Fellows*, for the plaintiff.

ALLEN, J. A sale and delivery of. chattels, on condition that the title to the property is not to pass from the vendor until the purchase-money is paid or secured, does not vest the title in the vendee; and the vendor, in case the condition is not fulfilled, may repossess himself of his goods, or maintain trover for them against the vendee, his attaching creditors, or subsequent purchasers. *Sargent* v. *Gile*, 8 N. H. 325; *Porter* v. *Pettengill*, 12 N. H. 299; *Kimball* v. *Jackman*, 42 N. H. 242; *McFarland* v. *Farmer*, 42 N. H. 386; *Fisk* v. *Ewen*, 46 N. H. 173; *Marston* v. *Baldwin*, 17 Mass. 606; *Barrett* v. *Pritchard*, 2 Pick. 512; *Whitwell* v. *Vincent*, 4 Pick. 449; *Zuchtmann* v. *Roberts*, 109 Mass. 53; *Clark* v. *Wells*, 45 Vt. 4. No title passed from the plaintiff by the sale and delivery to Foster, and, without satisfying the condition, Foster could give no title by a sale unless the plaintiff consented or waived the condition. *Coggill* v. *Hartford & New Haven Railroad*, 3 Gray 545; *Benner* v. *Puffer*, 114 Mass. 378. The plaintiff never authorized Foster to sell the boards to the defendant, nor ever consented to the sale. Neither by words nor acts did he waive the performance of the condition, nor, by conduct or representations on which the defendant could rely, induce him to purchase the property. The plaintiff had no knowledge of the sale, and the case shows no want of diligence in ascertaining what had become of his property, and reclaiming it. Not consenting to the sale, nor waiving the condition of cash payment, nor failing in diligence to seek his own, the plaintiff is not estopped from reclaiming his property, or recovering the price of it of the defendant. *Zuchtmann* v. *Roberts, supra.*

*Judgment on the report for the plaintiff.*

CLARK, J., did not sit: the others concurred.