## GERRISH & a. *v.* CLARK.

A stipulation that the bailee of chattels shall pay a stated sum monthly as rent for the use thereof, and that, when the price fixed upon the goods is in that way fully paid, they shall become the property of the bailee, amounts to a conditional sale, and is invalid against attaching creditors without a written memorandum recorded as required by Laws of 1885, *c.* 30, *s.* 1.

TROVER, for several articles of household furniture delivered by the plaintiffs to one Barrett, upon a contract in writing which recited that Barrett had hired the goods of the plaintiffs, and was to pay them $10 per month until a price fixed upon each article, amounting in the whole to $29, was paid, when they were to become the absolute property of Barrett; and that, in case of failure to pay the stipulated rent, Barrett should return the same to the plaintiffs on demand. The goods were attached by the defendant, a deputy sheriff, on a writ against Barrett.

*R. N. Chamberlin*, for the plaintiffs.

*D. J. Daley*, for the defendant.

ALLEN, J. The contract was a conditional sale of the chattels enumerated, with the prices affixed to each article. The amounts specified to be paid as rent for the use of the furniture were, in the aggregate, equal to the agreed value or price of all the articles, and were the consideration for the sale and delivery of the chattels, which were to become Barrett's absolute property when that amount should be paid. It makes no difference that the payments to be made are called rent for the use of the property. Taken together, these payments were agreed upon as the amount of consideration to be paid, and the full payment of that amount was made the condition upon which the title of the property was to pass from

the plaintiffs to Barrett.    The writing is a memorandum witnessing a conditional sale and delivery, and signed by the purchaser.

The statute of 1885, Laws of 1885, c. 30, s. 1, provides that "no lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing such lien and the sum due thereon, and causes it to be recorded in the town-clerk's office of the town where the purchaser of such property resides, if he resides in the state, otherwise in the town-clerk's office of the town where the vendor resides, within ten days after such property is delivered." Section 2 provides for the affidavits of the parties to the good faith of the transaction.

The property having been sold conditionally and having passed into the hands of the purchaser, and the contract of conditional sale not having been sworn to and recorded in the town-clerk's office in accordance with the statute, the plaintiffs' claim to the property is not valid against the attaching creditors of the purchaser, and will not defeat the defendant's attachment.

*Judgment for the defendant.*

CARPENTER, J., did not sit : the others concurred.