## HATCH v. LAMOS.

A gift of personal property by a conditional vendee is good to pass his interest in it.

In such a case payment of the amount due on the property, made by the administrator of the vendee, discharges the lien, and the title of the donee is thereby completed as against the estate and the heirs at law.

REPLEVIN, for a piano and piano stool. Facts found by the court. August 8, 1887, George D. Lamos bought the instrument in question of D. Lathrop & Co. for $225, to be paid $50 down, and the remainder in instalments of $10 a month. The piano was delivered to Lamos, but was to remain the property of the sellers until the whole of the price was paid, according to the terms of the conditional sale. Several payments were made by Lamos before December 25, 1887, amounting in the whole to $100; and on the last named day he gave the piano and stool to the plaintiff, to whom he was engaged to be married.

In January, 1888, Lamos died, and S. F. Varney, who is the defendant in interest in this suit, was appointed his administrator. Soon after the death of Lamos the plaintiff paid an agent of Lathrop & Co. $10 on account for the piano; but Varney having made them a tender on behalf of the estate of the whole balance due on the piano, $125, they returned the $10 to the plaintiff, and indorsed on the written contract of sale a receipt for that sum in full payment for the piano. Varney then took the piano and stool from the possession of the plaintiff against her will, and put

it into the hands of the defendant for safe-keeping. The plaintiff thereupon brought this action for the property.

*C. Page,* for the plaintiff.

*S. W. Emery,* for the defendant.

ALLEN, J. George D. Lamos had possession of the piano and stool under a conditional sale from D. Lathrop & Co., and might have sold whatever interest he had in the property to the plaintiff, and she would thereby have acquired the same rights in the property which he had. These rights included the right of possession and the right of acquiring a complete title by payment of the balance of the price agreed upon. *Bailey* v. *Colby,* 34 N. H. 29; *Nutting* v. *Nutting,* 63 N. H. 221; *Currier* v. *Knapp,* 117 Mass. 324; Benj. Sales 426. As against her vendor and against everybody except the original vendor, she would, by the sale and delivery to her, have acquired a perfect title.

The gift of the piano to the plaintiff by the conditional buyer, George D. Lamos, gave her the same rights in the property that a sale and delivery to her would have given, except that it would not be valid against her donor's creditors. The administrator of George D. Lamos does not appear to have taken the piano and placed it in the hands of the defendant for the benefit of the creditors of the decedent, nor does it appear that the estate is insolvent, or that the property is necessary to meet the expenses of administration. Being the representative of the deceased, the administrator's right to take the piano from the plaintiff was no greater than the right of the deceased in his lifetime. If necessary to satisfy the legal demands against the estate, he might take it for that purpose, but the heirs of George D. Lamos have no rightful claim to it as a part of their share in his estate. *Abbott* v. *Tenney,* 18 N. H. 109.

As between the plaintiff and donor, the gift to her was complete when the piano was delivered to her. The donor undertook to give her the property, and it was his duty, not only by his contract with the vendors, but by his understanding with her, to pay for it. Had he completed the payment in his lifetime, the title thus made complete would have been her title, and he could not have revoked the gift and retaken the piano by reason of paying what he had bound himself to do.

The payment by the administrator, the defendant in interest, did not operate to give him a title to the property for the benefit of the estate or heirs. It was the payment of a debt which the deceased owed and was bound to pay, and in paying it the administrator acquired no more rights than the deceased would have acquired by paying the balance after the gift was made. The reception of the price from the administrator by the original ven-

dors was not a sale of the property to the administrator, nor an assignment of their interest in it. It was the reception of a debt due from the deceased, and one which it was the duty of the administrator to pay if the estate was solvent, and it operated as a release of the vendor's claim upon the property, and confirmed the title in the plaintiff, to whom it had passed by gift from the conditional vendee. Upon the facts appearing in the case, the plaintiff's title to the property is established.

*Judgment for the plaintiff.* ·

CARPENTER, J., did not sit: the others concurred.