### BATCHELDER *v.* SANBORN.

The lien of a conditional vendor will be sustained against an attaching creditor of the vendee having notice of the condition, although the terms of the contract have not been sworn to and recorded, as provided by the statute of 1885.

TROVER, for a piano delivered by the plaintiff to Alonzo W. Pinkham upon a written contract purporting to be a lease, which provided that Pinkham should pay the plaintiff $5 a month until $225 was paid, with interest, and thereupon the plaintiff should execute and deliver to him a good bill of sale of the instrument; that in the meantime it should remain the property of the plaintiff, who might at any time take immediate possession of it in case of failure of performance by Pinkham. There was no affidavit of the parties to the good faith of the contract, and it was not recorded. Under this agreement Pinkham received the piano, and it was used by his family in his home. September 27, 1889, Dunbar, the agent of Israel Monroe & Co., who were creditors of Pinkham, called upon him, and inquired concerning his property and financial condition. Pinkham stated to Dunbar that he had a piano which he had bought of the plaintiff on the instalment plan, and upon which he had paid the plaintiff $70 or $80. Dunbar afterwards had an examination of the town-clerk's records, and finding no record of any contract between Pinkham and the plaintiff there recorded, procured a writ in favor of Monroe & Co. against Pinkham, and placed it in the hands of the defendant, a deputy sheriff, with directions to attach

the piano. The defendant attached the piano November 20, 1889, and afterwards sold it on the writ as the property of Pinkham. Pinkham had paid the plaintiff $70, and the interest on the unpaid balance up to the date of the attachment. The plaintiff demanded the piano from the defendant, who refused to give it up. The defendant objected that the action could not be maintained, because the agreement was not recorded or sworn to. The court ruled otherwise, and the plaintiff had a verdict, which the defendant moves to set aside for error in the above ruling.

*A. O. Fuller*, for the plaintiff.

*Marston & Eastman*, for the defendant.

ALLEN, J.   By the terms of the agreement upon which the piano was delivered by the plaintiff to Pinkham, the transaction was a conditional sale of the piano, within the meaning of *c.* 30, Laws of 1885, requiring a public record of such sales to protect the vendor against the vendee's creditors.   *Gerrish* v. *Clark*, 64 N. H. 492.   Before the statute of 1885, neither the conditional vendee holding property so delivered, nor his assignee to whom a sale might have been attempted, had any title to the property which could be taken by attachment and execution.   *Luey* v. *Bundy*, 9 N. H. 298; *McFarland* v. *Farmer*, 42 N. H. 386; *Esty* v. *Graham*, 46 N. H. 169; *Fisk* v. *Ewen*, 46 N. H. 173. By the law of 1885 it was provided that no lien reserved by the vendor upon personal property sold upon condition "shall be valid against attaching creditors or subsequent purchasers without notice," unless the vendor takes a written memorandum of the sale, signed by the purchaser and recorded in the clerk's office of the town where the purchaser resides.   In this case the memorandum of the sale was not recorded; but the case shows that the attaching creditor, before making the attachment, had notice of the sale of the property and its conditional character.   The main object of the statutory requirement of a record being to give notice of the conditional character of the sale, that object was attained in this case by equivalent notice to the attaching creditor before suit. No question of fraud in the sale being made, and the case being fairly within the exception in the statute, the plaintiff must prevail notwithstanding the want of a record.

The provision in the statute requiring the oath of the party to the good faith of the transaction, can have no application to a case of this kind, which is taken from the operation of the statute by knowledge of the attaching creditor.

The decision of this point in favor of the plaintiff makes it unnecessary to consider the question whether the piano is "household goods" within the meaning of that phrase as used in *c.* 69, Laws of 1889.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.
     VOL. LXVI.   14