---

### In re KANE.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

#### No. 993.

1. BANKRUPTCY—EXEMPTIONS—MANNER OF ALLOWANCE.

While the exemptions allowed a bankrupt are those provided for by the statutes of the state, the time and manner of claiming such exemptions, and of awarding them and setting them apart, are regulated by the bankruptcy act.

2. SAME—ALLOWING EXEMPTION FROM PROCEEDS OF PROPERTY.

Courts of bankruptcy should enforce the provisions of the law relating to the exemptions liberally to effectuate their purpose, both in construing the state statutes and in the manner of allowing the exemption; and although a statute requires a debtor to select the specific personal property he claims as exempt thereunder, a court of bankruptcy is not bound to require such selection, and where it is to the best interest of all concerned, or where, by reason of its being mortgaged, specific property cannot be selected and set apart as exempt, it may properly permit such property to be sold as an entirety by the trustee, and award the bankrupt his exemption from the proceeds.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Illinois, in Bankruptcy.

Upon a voluntary petition filed September 15, 1902, Thomas J. Kane was adjudicated a bankrupt. Prior thereto the bankrupt was the owner of a stock of groceries, market goods, and fixtures at the city of Chicago, upon which was

a chattel mortgage to one Clough, who had taken possession thereof under the mortgage, and advertised the stock for sale. The receiver in bankruptcy took possession of the stock from the mortgagee under an arrangement, and, after the bankruptcy proceedings, sold the property, paying to the mortgagee the amount of his debt. In the schedule, under the head of "Property claimed to be exempted by the state laws, its valuation, whether real or personal; its description and present use; and reference given to the statute of the state creating the exemption," the bankrupt sets forth as follows: "2 suits of clothing, $25. 1 gold watch, $10.00. Further your petitioner claims as part of the exemption the sum of $365.00. Your petitioner being the head of a family and residing with the same, all of the above property is claimed as exempted under section 13, chapter 52, Revised Statutes of Illinois, approved May 24, 1877. In force July 1, 1877." On December 4, 1902, the bankrupt petitioned the court that the trustee file a report setting apart the bankrupt's exemptions, to which the trustee replied that he was unable to set apart any exemption, because the bankrupt had failed to claim any specific property as exempt, and that the only property coming to the possession of the trustee was cash derived from the sale of assets by the receiver; and claimed that the bankrupt had waived any right to exemptions. The objections to the report of the trustee were overruled by the referee, and an order made by him denying the exemptions to the bankrupt. Upon a petition for review of this order the District Court overruled the referee, and the trustee was directed to pay the bankrupt $365 in cash, as his exemptions, less his proportionate share of the shrinkage of the estate and expenses in making sale of the property. The trustee files a petition to review this order of the District Court.

Fred D. Silber, for petitioner.

Wm. A. Doyle, for respondent.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts as above). A court of bankruptcy is a court of equity, seeking to administer the law according to its spirit, and not merely by its letter. The bankruptcy act provides that it shall not affect the allowance to bankrupts of the exemptions prescribed by the state laws at the time of the filing of the petition. Act July 1, 1898, c. 541, § 6, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]. It also provides by section 7 that the bankrupt in the schedules to his petition shall make a claim for such exemptions as he may be entitled to. The statute of Illinois (Starr & C. Ann. St. 1896, c. 52, par. 15, p. 1892), after exempting certain specific property, exempts $100 worth of other property, to be selected by the debtor, and, in addition, when the debtor is the head of a family, and resides with the same, $300 worth of other property, to be selected by the debtor. It is insisted that the bankrupt is not entitled to his exemption because he had not claimed specific articles of property. The bankruptcy act allows the exemptions which the state law provided, and these laws, from motives of public policy, should be liberally construed. Courts of bankruptcy are not controlled as to the time or the manner in which claims for exemptions may be preferred in bankruptcy. The exemptions provided by the law of the state are allowed by the bankruptcy act, but the manner of claiming such exemptions, and of setting apart and awarding them, is regulated by the bankruptcy act. We have so held in Re Friedrich, 40 C. C. A. 378, 100 Fed. 284. It was also ruled by this court in Re Mayer, 47 C. C. A. 512, 108 Fed. 599, 600, that the bankrupt under the act could waive the exemptions in favor of the assignee, claiming the proceeds of the sale of the property or not, as he should choose. The pur-

pose of the state statute of exemptions was to allow the debtor property to a certain amount for the support of his family, that they should not be cast destitute upon the world. It is true that statute provided that the debtor should select the articles. The bankruptcy law allowed that exemption, recognizing the public benefit of such exemption. But the manner of its allowance is reserved to the bankruptcy court, and its action is not controlled by the specific manner of allowance prescribed by the state law, for the trustee is to set off to the bankrupt the exemptions claimed, with the estimated value of each article; and cases are not infrequent, where it appeared for the benefit of all concerned that the stock should be sold as an entirety, that it was so sold by arrangement between creditors and debtor, and courts have upheld the claims of the debtor to the value of his exemptions from the proceeds of the sale. And that is just. Here the entire stock of goods was mortgaged, and in possession of the mortgagee, and advertised for sale. The debtor could not claim any specific article as exempt, because every article was subject to the mortgage, and no one article could be set apart to the debtor. The entire stock was subject to sale to satisfy the lien of the mortgage. It would be most inequitable to say that under such circumstances the debtor cannot be allowed to claim as exempt a sum of money from the proceeds equal to the amount allowed by the law. It would be equivalent to saying that he had waived his exemption because he had not done 'that which it was impossible for him to do. We are not able to construe the bankruptcy act to effect so inequitable a conclusion.

The decree is affirmed.