Hillsborough,
May 3, 1904.

## MICHELSON *v.* COLLINS.

The vendor of property sold conditionally may maintain trover against a donee of the purchaser who refuses to pay for the goods or return them after a demand.

TROVER, for a lady's suit and waist. Trial at the September term, 1903, of the superior court before *Peaslee*, J., who found a verdict for the plaintiff, subject to the defendant's exception.

In April, 1903, the defendant and her father called at the plaintiff's store, and the father stated that he wished to purchase or lease the clothing in question. Both parties understood that the clothing was to be given to the defendant by her father and was to be worn by her, but neither the plaintiff nor the father thought this fact varied the written contract. The sale was on credit, the title to the goods being reserved to the vendor in a conditional bill of sale which the plaintiff and the father executed. There was no direct evidence that the defendant knew the nature of the transaction, although she was present when the papers were executed. When called upon later, she appeared to understand that the plaintiff had a claim upon the goods. No payments were ever made. When they were overdue, the plaintiff, being unable to find the father, demanded of the defendant that she make the payments, execute a conditional sale herself, or return the goods. She refused to do any of these things, and continued to keep and wear the garments. After repeated demands upon her this suit was brought.

*Osgood & Osgood* and *Burnham, Brown, Jones & Warren,* for the plaintiff.

*David W. Perkins,* for the defendant.

BINGHAM, J. The contract was a conditional sale of the clothing to the defendant's father. *Gerrish* v. *Clark,* 64 N. H. 492. The legal title to the property did not and by the terms of the contract was not to vest in the father until the purchase price was paid. *Weeks* v. *Pike,* 60 N. H. 447; *Adams* v. *Lee,* 64 N. H. 421; *Hatch* v. *Lamos,* 65 N. H. 1; *Cutting* v. *Whittemore, ante,* p. 107.

The father failed to make any payments under the contract, and the defendant, his donee, although requested, declined to make them or to return the clothing. The only provision in the contract material to the plaintiff's right of recovery is that by which the title to the property was retained by him until the purchase price

was paid. The validity of such a provision cannot be questioned (P. S., c. 140, s. 23, and cases above cited) ; and if, as claimed by the defendant, any of the collateral stipulations which the contract contained are void as contrary to public policy or the laws of the state, it is unnecessary to consider them, for no reliance is placed upon them by the plaintiff in this proceeding.

There was no evidence tending to show that the plaintiff is estopped to set up title to the clothing, and no finding to that effect is reported. On the contrary, the verdict for the plaintiff is a finding against the defendant on this question. The action can be maintained. *Weeks* v. *Pike, supra.*

*Exception overruled.*

All concurred.