## In re CAVAGNARO.

(District Court, D. New Hampshire. February 27, 1906.)

### No. 1,006.

BANKRUPTCY—PROPERTY PASSING TO TRUSTEE—PROPERTY HELD UNDER CONDITIONAL SALE.

Property in the possession of a bankrupt under an unrecorded conditional sale, the title to which remains in the seller under the state law, except as against attaching creditors or subsequent purchasers from the purchaser without notice, does not pass to the trustee in bankruptcy, under Bankr. Act 1898, c. 541, § 70a (5), 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451], as property which might have been levied upon and sold under judicial process against the bankrupt; such right being confined to a particular creditor who attaches without notice, resting on the estoppel of the true owner, and not extending to the general body of creditors, some of whom may have had notice.

o

In Bankruptcy. On review of order of referee.

P. H. Sullivan, for claimant.
Irving E. Forbes, for trustee.

ALDRICH, District Judge. Prior to bankruptcy proceedings Cavagnaro held two cash registers under an unrecorded conditional sale from the National Cash Register Company, in which it was agreed that title to the registers should not pass until purchase price or any judgment for the same was paid in full. The National Cash Register Company claims the registers on the ground that title never passed to the bankrupt, while the trustee of the bankrupt estate claims to hold them as a representative of the estate, in the interest of all the creditors, upon the ground that he succeeds by operation of law to the rights of individual attaching creditors without notice.

The question having reference to the right of individual creditors by virtue of a New Hampshire statute in respect to conditional sales, it is largely controlled by local law.

Much of the apparent conflict upon the authorities, in respect to the title of a trustee in bankruptcy to property in possession of the bankrupt under conditional sales, is relieved by a critical examination of the particular phraseology of the statutes upon which the various decisions are founded. In some of the states it is declared by statute that unrecorded conditional sales are only good as between the vendor and vendee, while in others that they shall be void for want of record as against creditors, subsequent purchasers, pledgees, or mortgagees, and in others that the contract shall be recorded within thirty days of the delivery of the property, and in others that it shall be acknowledged and recorded in order to be binding as against others than the vendee and his heirs. Isaac on Conditional Sales in Bankruptcy, 9–12. Thus it will be seen that under some of the state statutes creditors may hold against an unrecorded conditional contract of sale without regard to the question of actual notice, and under such circumstances trustees in bankruptcy reasonably enough hold a status, with respect to the title of the property, different from that which would exist under a state statute, where the property could only be held under judicial process by an attaching creditor without notice. Hence it becomes essential to look at the particular provisions of the New Hampshire statute and the New Hampshire authorities as to the status of the title under a conditional sale like the one in question.

Under such a sale in New Hampshire the title remains in the vendor (McFarland v. Farmer, 42 N. H. 386; Holt v. Holt, 58 N. H. 276), and until the statute of 1885 the conditional vendee had no title to the property which could be taken by an attaching creditor with or without notice of the condition (Batchelder v. Sanborn, 66 N. H. 192, 22 Atl. 535). The New Hampshire statute so far changed the situation as to declare in effect that no conditional sale shall be valid against attaching creditors or subsequent purchasers without notice unless recorded (Pub. St. N. H. 1901, c. 140, § 23); but under this statute it was held that the title of the vendor under an unrecorded

conditional contract was good as against an attaching creditor with actual notice (Batchelder v. Sanborn, 66 N. H. 192, 22 Atl. 535). The significance of this statute resides in the idea that the creditor attachment right is an individual statutory right by virtue of an attachment without notice, rather than a right created for the whole body of creditors some of whom may have had notice. The title in the property under the New Hampshire law thus remaining in the vendor, and the right of a particular creditor thus resulting upon principles of estoppel through the creditor's doing something with-out notice, like that of making an attachment under legal process, it is not influenced much, if at all, by section 67 of the bankrupt act or the decisions thereunder, which in a large sense relate to situations where the debtor has undertaken to place liens upon property the title to which was in himself, rather than in a vendor.

It has been said that a court of bankruptcy is a court of equity, seeking to administer the law according to its spirit, not merely by its letter (In re Kane, 127 Fed. 552, 62 C. C. A. 616) ; and it is difficult to see, either upon reasonable rules of legal construction or upon equitable considerations, why an individual statutory right, re-sulting to a particular creditor upon grounds of estoppel because he has incurred expense upon the property through instituting legal proceedings without notice of the true condition of the title, should pass by subrogation to a bankrupt estate for the benefit of a body of creditors who do not sustain a like, or even a similar,· relation to the title to the property, or to the statutory or attachment right.

In this case the contention of the trustee in bankruptcy is prin-cipally based upon that provision of section 70 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3451]), which by operation of law vests in the trustee title to such property of the debtor as might have been levied upon and sold under judicial process against him. Such contention under the circum-stances of this case fairly puts in issue the question whether property which could have been held under judicial process by an individual creditor upon an attachment without notice can be held by the trus-tee for the general body of creditors under the doctrine of subroga-tion without regard to the question of notice.

I do not find that this precise point has been decided authoritatively in the First circuit, but in a situation where the trustee held the property because it could have been taken by the creditors generally, it was said by Judge Lowell in Re Hammond (D. C.) 98 Fed. 845, 862, in stating the principle underlying the decisions for the pur-pose of distinguishing the situation there from one like this, that:

"The assignee in insolvency does not take the title to property which can be attached as the property of the bankrupt, where the attachment can be upheld only through an estoppel in favor of a particular attaching creditor existing against the true owner of the property. 'This was not property which could be taken on execution by creditors generally, but only by credit-ors without notice.' Low v. Welch, 139 Mass. 34, 29 N. E. 217. See Lowell, Bankr. § 349."

A recent decision of the Supreme Court (Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986), which involved

a New York statute safeguarding subsequent purchasers, pledgees, or mortgagees in good faith, and therefore the same idea as that presented by the New Hampshire statute in respect to attaching creditors without notice, holds that the machines there in question were not property which under the law of New York might have been levied upon and sold under judicial process against the bankrupt within the meaning of section 70a, and that the bankrupt trustee, not being a subsequent purchaser in good faith within the meaning of the New York statute, gets no better title than that which the bankrupt had. See, also, cases collected in Isaac, Conditional Sales in Bankruptcy, 15–21. Under this view the holding of the referee must be reversed.

The order of the referee that the petition of the National Cash Register Company be denied, and that the trustee in bankruptcy take the registers, is vacated, and the referee is directed to take further proceedings not inconsistent with this opinion.