GILBERT, HEDGE & CO. v. GREENBAUM, SCHRODER & CO. ET AL.

| 56 | 211 |
| 85 | 47 |
| 56 | 211 |
| 87 | 61 |
| 56 | 211 |
| 95 | 293 |
| 56 | 211 |
| 106 | 310 |
| 56 | 211 |
| 107 | 731 |

1. **Landlord and Tenant: LIEN FOR RENT: WHEN IT ATTACHES.** Under the statute a landlord's lien for rent for the entire term of the lease attaches to property used on the leased premises at the time such property is brought thereon, although it may not be enforceable as to rent not due, so long as the business of the tenant is conducted in the usual manner, and as contemplated by the lease.

2. ———: ———: WHEN ENFORCEABLE. Where a building was leased as a store-room, and occupied with a stock of merchandise, it was held that the execution of a mortgage on the stock by the tenant rendered the lien of the landlord for the rent of the entire unexpired term of the lease enforceable, and that such lien was superior to that of the mortgage.

3. ———: ———: EFFECT OF RECEIVERSHIP. The lien of a landlord will not be defeated by the conversion of the property of a tenant into money by a receiver, under an order of court, but will attach to the proceeds in the receiver's hands.

*Appeal from Des Moines District Court.*

FRIDAY, JUNE 10.

ACTION in chancery to enforce a landlord's lien. Certain of the defendants filed a cross-bill, to which plaintiffs demurred. The demurrer was sustained, and the defendants declining to plead further, and electing to stand on their cross bill, it was dismissed. Defendants appeal.

*P. Henry Smyth & Son* and *Newman & Blake*, for appellants.

*Hedge & Blythe*, for appellees.

BECK, J.—I. The plaintiffs allege in their petition that in December, 1873, they leased, by a written instrument, a certain store building, in the City of Burlington, which they were about to erect, to defendants Greenbaum, Schroder & Co., for the term of ten years from the completion of the building, and that the defendants entered and occupied the

building under the lease. It is further shown by the petition and lease, a copy whereof is made an exhibit in the case, that defendants were to occupy the premises for no other purpose than as a dry goods store, and were not to under let, except with the written assent of plaintiffs; that the rent provided for was $4,500 per annum, for the first five years, and $5,000 per year for the remainder of the term, to be paid quarterly, and that the rent has been voluntarily, and without consideration, reduced by plaintiffs, to the sum of $3,200 per annum. Other terms of the lease need not be recited. The petition shows that the stock of goods kept by defendants in the building has been, by sale and depreciation in value, greatly reduced, so that the value thereof is less than $20,000, and defendants are not replenishing their stock, but constantly and rapidly diminishing it; that defendants are insolvent, and plaintiffs have no security for the rents accruing and to accrue, except the goods belonging to defendants found in the building. It is further shown that Greenbaum, Schroder & Co. executed a chattel mortgage to Landaurer, Treudenthal and Rabb, in trust, to secure the mortgagees, and certain other creditors of the mortgagors, whose claims aggregate the sum of $39,167.74. The mortgage has been duly delivered and recorded, and upon its face purports to be a conveyance of the goods now upon the leased property. It is provided in the mortgage that it shall cover all new stocks purchased, which shall be held for use of the trust provided for in the mortgage. The mortgage further provides that upon the failure of the mortgagors to pay the claims secured, within one year, the mortgagees may take possession of the goods covered by the mortgage. It is alleged in the petition that the mortgagors and creditors intend to sell the goods on hand at the date of the mortgage, and replace them with new goods, and, in this way, to defeat the landlord's lien held by plaintiffs. The mortgagees and creditors secured by the mortgage are made defendants. Plaintiffs pray that Greenbaum, Schroder & Co. may be enjoined from the sale of the goods

now upon the premises, until they shall pay the rent due, or to become due to plaintiffs, and that such other relief be granted as equity may require. The petition was filed June 23, 1879.

On the 24th of May, 1880, the mortgagees, as trustees for themselves and others, filed their answer and a cross bill.

They allege in the cross bill that they acquired the legal title of the goods described in the mortgage, as well as all other goods added thereto by the mortgagors, and that when the mortgage was executed there was no rent due plaintiffs. It is further shown by the cross bill that certain creditors of Greenbaum, Schroder & Co., other than those secured by mortgage, commenced action on their claims, and a temporary receiver was appointed to take possession of the goods; that afterwards E. S. Taylor was appointed receiver, and was authorized by the order of the court to continue the business by selling off the stock and replenishing the same, so far as was necessary to conduct the business; that on the 31st day of March, 1880, the receiver finally closed the business of the store, having disposed of all the goods. He paid to plaintiffs all the rent due to that day, and offered to give possession of the property by tendering the keys of the building, which were not accepted by plaintiffs, and that the receiver holds about $25,000 in money, the net proceeds of the goods, subject to the order of the court. The defendants claim in their cross bill that the plaintiffs' lien continued only while the premises were occupied and used by the lessors; that when the property was sold and removed, under the order of the court, the lien terminated, and that the funds in the hands of the receiver should be appropriated to the payment of the debts secured by the mortgage; they ask for relief accordingly.

It is shown by an amended abstract that all the suits brought by the creditors, including plaintiffs' action, were consolidated on the 28th day of June, 1879, and on the same day the receiver was appointed. The order making the appointment provides that it shall be "without prejudice to the existing

'rights of any of the creditors, or the merits of the controver-·sies between them or any of them." The plaintiffs' demurrer to ·the cross bill, on the ground that the facts alleged did not entitle defendants to the relief prayed for, was sustained. This 'ruling presents the following questions which are involved in the case, viz:

1. Have plaintiffs a landlord's lien under the statute for rent to accrue, or, in other words, does their lien attach to property of the tenant used upon the premises to secure rent which will fall due in the future, as provided in the lease?

2. Is the landlord's lien of plaintiffs defeated by the conversion of the goods into money, by the receiver, under order of the court?

II. The first question has been determined by more than one decision of this court. The precise point was decided 1. LANDLORD in *Martin v. Stearns*, 52 Iowa, 345. We there and tenant: lien for rent: held that the lien of the landlord attached to the when it attaches. property of the tenant used upon the premises for the rent of the entire term. The facts of that case are substantially similar to those of the case before us. The same rule is recognized in *Garner v. Cutting*, 32 Iowa, 547, and in *Grant v. Whitwell et al.*, 9 Iowa, 152. It must be regarded as the law of the State.

Counsel for defendants attempt to distinguish these cases, or the first two cited, from the case at bar, on the grounds that the tenants in those cases were either disposing of the property in a manner not in accord with the due course of trade, or with a fraudulent intent. In each case the property of the tenant had been transferred by a chattel mortgage. It was held these transfers would not defeat the landlord's lien for rent to accrue during the term. The decision is not placed upon the ground that the transfers were made in an unusual manner or for a fraudulent purpose, but upon the ground the landlord's lien attached to the property when it was brought upon the premises and could be enforced to prevent the transfer of the title of the property or its removal.

We are unable to discover any reason or principle which supports the position of counsel that the lien will attach if the property is about to be disposed of contrary to the usual course of business, and otherwise will not attach. The lien attaches as soon as the property is brought upon the premises. It may be that it will not be enforced as to rent not due, if the usual course of business is pursued by the tenant. This we presume is so when stocks of merchandise are concerned. But the disposition by absolute conveyance or by mortgage of a stock of merchandise cannot be regarded as in the usual course of business, as contemplated by the parties. If it is to be so regarded, then would the law provide for the defeat of the lien by the very act, the disposition by sale, against which the lien was provided to protect the landlord. It would be absurd indeed to provide for a lien on property to secure a present or future indebtedness, and to further provide that the lien may be defeated by the sale or mortgage of the property. The argument of defendants' counsel reaches this result.

*2. ——: ——: when enforcible.*

III. The second question above stated now demands consideration.

It will be remembered that after plaintiffs filed their petition the receiver was appointed, upon the petition of certain attaching creditors of Greenbaum, Schroder & Co. There were three classes of creditors endeavoring to enforce liens held by them respectively against the goods, namely: Plaintiffs, the landlords; defendants, the mortgagees; and the attaching creditors. The court below, doubtless upon a proper showing, correctly reached the conclusion that the interest of the parties who should finally establish their liens, as well as the interests of the debtors, required the appointment of the receiver with the authority to continue the business of Greenbaum, Schroder & Co., until the property should be disposed of, and to hold the proceeds thereof subject to the order of the court. The court by this order put the goods into the custody of the law; thus

*3. ——: ——: effect of receivership.*

depriving all parties of the possession while their rights thereto were being determined in the consolidated actions. Now it cannot be seriously urged that the appointment and acts of the receiver deprived plaintiffs or other parties of any right. The law would not surely cause a right to be lost by reason of proceedings which are provided for enforcing such a right. It is a familiar rule that when property is taken into the custody of the law, and converted into money by a receiver, the money takes the place of the property, and is distributed to the parties who establish their rights to the property. In this case the money in the hands of the receiver is to be regarded as representing the goods that were found by the receiver in the store, and must be distributed to the parties who show that they held liens upon the goods.

If these considerations leave doubts in the mind, they are surely removed by the language of the order appointing the receiver, which declares that "this order is without prejudice to the existing rights of any one of the creditors, or the merits of the controversies between them or any of them."

The foregoing discussion disposes of all points in the case. The judgment of the District Court is

AFFIRMED.