## In re HANNA et al.

(District Court, E. D. Pennsylvania. December 22, 1900.)

### No. 482.

**1. EQUITABLE ASSIGNMENT—PART OF CLAIM.**

An order, "Please pay to the order of * * * the sum of * * * out of any balance due us remaining in your hands," operates as an equitable assignment of part of the fund.

**2. SAME—RIGHTS OF TRUSTEE IN BANKRUPTCY.**

There having been an equitable assignment of part of a fund by a bankrupt, valid as between him and the assignee, the trustee in bankruptcy takes the fund subject to the assignment, even if for reasons of public policy it could not have been enforced against the city which held the fund.

In Bankruptcy.

The following is the certificate of the referee and report on exceptions:

To the Honorable the Judge of the District Court for the Eastern District of Pennsylvania:

The referee respectfully reports that the following question involving a claim upon the fund in the hands of the trustee in bankruptcy was presented to him for his decision by the trustee, and William S. Eaton, Jr., Esq., a creditor, the claimant:

The bankrupts were contractors for the erection of steam-heating apparatus in premises Nos. 1120 to 1142 Market street, Philadelphia, a property belonging to the Stephen Girard estate. There was due to the bankrupts from the trustees of said estate the amount of $2,854.02 for materials furnished and work performed by them on this building. This fund was paid to the trustee in bankruptcy by the trustees of the Stephen Girard estate, with the reservation on behalf of the trustees of the Girard estate of any right in said fund which might be vested in the claimant, the said Wm. S. Eaton, Jr., by reason of a certain letter of request drawn by the bankrupts, and presented to the trustees of the Girard estate, requesting them to pay to the Boston Blower Co. the sum of $281.88; the said sum being the amount of a judgment obtained by them against the bankrupts in the court of common pleas of Philadelphia county in November, 1898. All the interest of the blower company and all debts whatever due them were duly assigned to the said Wm. S. Eaton, Jr., by a duly-executed deed of assignment.

The letter of request is as follows:

"Philadelphia, February 1, 1899.

"To the Trustees of the Stephen Girard Estate, Philadelphia, Pa.—Dear Sirs: Please pay to the order of Frank P. Prichard, Esq., attorney for the Boston Blower Company, the sum of $281.88 out of any balance due us remaining in your hands.

"Yours, truly, Hanna & Kirk.
"J. V. Kirk."

The deed of assignment by which Wm. S. Eaton, Jr., became assignee of all moneys due to the Boston Blower Company was executed on the 25th day of March, 1899. The adjudication in bankruptcy was made on the 23d day of February, 1900, so that the claimant was fully vested with all the rights of the Boston Blower Company in their claim under the letter of request more than four months before the adjudication in bankruptcy.

It appears clear to the referee that the trustee in bankruptcy became vested only with the title held by the bankrupts, taking the property subject to all existing liens, charges, claims, and equitable rights (Coll. Bankr. p. 375), and that the claimant, Wm. S. Eaton, Jr., became vested by the deed of assignment from the Boston Blower Company with whatever interest in

the amount of $281.88 was transferred to the blower company by virtue of the letter cited.

It was contended on behalf of the claimant that the letter cited operated as an assignment of the amount expressed in the letter. On behalf of the trustee it was urged that the letter was not expressed in such terms as to come within the requirements of a partial assignment, and, even if it should be regarded as sufficiently specific to operate as a partial assignment of a fund in the hands of an ordinary holder, it was inoperative against the trustees of the Stephen Girard estate on the ground that the administration of the Girard estate was a branch of the city government, and that a partial assignment of a fund under the control of a municipal corporation is inoperative.

A partial assignment is not allowed at common law without the ratification of the debtor, because he might be submitted to multitudinous suits, and be subjected to embarrassments and responsibilities not contemplated in his original contract (2 Am. & Eng. Enc. Law [2d Ed.] p. 1068; 1 Beach, Mod. Eq. Jur. p. 378); but this rule of law has long been abandoned in courts of equity, for in proceedings in equity the interests of all parties can be determined in a single suit, and the debtor can bring the entire fund into court for distribution.

It only remains, then, to consider: First, whether the letter cited fulfills the conditions requisite to effect an equitable assignment; and, second, whether the holder of the fund, the trustees of the Stephen Girard estate, are exempt from the rule as to the validity of partial assignments, on the ground that they are a branch of the municipal government.

The conditions required to constitute an effective assignment are that the fund shall be designated, and the order to pay unconditional. The language of this letter is sufficiently specific on these points, under the decisions of the supreme court of the United States and the supreme court of this state. The letter addressed to the trustees of the Girard estate contains an unconditional order to pay the party named therein the sum of $281.88, and the expression in the letter that follows, "out of any balance due us remaining in your hands," defines the fund as being the money due the drawer of the order by the parties on whom it is drawn.

In the case of Caldwell v. Hartupee, 70 Pa. St. 75, the following order was held to operate as a partial assignment:

"Mr. W. A. Caldwell—Dear Sir: Please pay to Mr. John Cuthbert $1,500 out of the proceeds of the last note coming to us from the steamer Quickstep, with interest from date of such note.                    Hartupee & Company.

"Pittsburg, October 10th, 1868."

The facts in this case were as follows: Henry T. Dexter, the owner of the steamboat Quickstep, which was largely in debt, made a trust mortgage of the boat to defendant and George W. Coffman, as trustees, to secure $15,000 for the benefit of the creditors of the boat, named in a schedule annexed to the mortgage among whom were the plaintiffs.

The plaintiffs drew upon the defendant in favor of John Cuthbert. The defendant declined to accept or pay the order on the ground that Hartupee & Co. were indebted to the firm of which he was a member. Cuthbert indorsed the draft to Morrow, for whose use the suit was brought. This order was held to be an equitable assignment of so much of the money as Hartupee & Co. were entitled to receive from the trustee under the deed of trust out of the proceeds of the last note which they had full power to make.

This case has been followed in Ruple v. Bindley, 91 Pa. St. 296, and Knuchel's Adm'r v. Schneider, 158 Pa. St. 412, 27 Atl. 1088.

When the order in this case is compared with the case in hand, the force and effect of the language of the two papers are identical. In the language, "out of the proceeds of the last note coming to us from the steamer Quickstep," there is no more specific identification of the fund than the language of the letter in the case in hand, "out of any balance due us remaining in your hands."

There are a line of decisions that a check without other evidence to support it is not operative as an equitable assignment. The reason of this de-

cision appears to be that a check drawn generally is not considered to be drawn on a particular fund. If the order in the case in hand had been a simple order to pay, the decisions as to checks would not be in point; but the order specifying the fund as "any balance due us remaining in your hands" is not drawn in the form of a check, but defines the fund from which payment is to be made.

In the case of Bank v. Yardley, 165 U. S. 635, 17 Sup. Ct. 439, 41 L. Ed. 855, it is held that a check drawn in the ordinary form does not constitute an equitable assignment; but, it being established by evidence that the intention of the parties to the transaction was that the check drawn generally was to be paid out of a particular fund, such a check, as between the parties, is to be treated as an order for the payment out of the specific designated fund. This case was a bill filed in the circuit court of the United States to subject moneys in the hands of the receiver of the Keystone National Bank to the satisfaction of an alleged equitable charge or lien thereon, arising from a check for $25,000 given by the Keystone National Bank to the Fourth Street National Bank, under the following circumstances:

The Keystone National Bank, desiring a loan of this amount from the Fourth Street National Bank, exhibited to the officials of the latter bank a memorandum showing a balance to their credit in the Tradesmen's National Bank of New York for $27,000, and asked the Fourth Street National Bank to accept a draft of the Keystone National Bank against the Tradesmen's National Bank. Relying upon these representations, the check was accepted, and the loan made by the Fourth Street National Bank. The Tradesmen's Bank made settlement with the receiver of the Keystone Bank, paying to him all the balance due the Keystone National Bank.

In finding upon this claim, White, J., says: "Whilst an equitable assignment or lien will not arise against a deposit account solely by reason of a check drawn against the same, yet the authorities establish that if, in the transaction connected with the delivery of the check, it was the understanding and agreement of the parties that an advance about to be made should be a charge on and be satisfied out of a specific fund, a court of equity will lend its aid to carry such agreement into effect as against the drawer of the check, mere volunteers and parties charged with notice."

Numerous additional authorities to this effect could be cited, but sufficient has been said to maintain the position that an order for the present and unconditional payment of money, specifying the fund from which it is to be paid, will operate as an equitable partial assignment.

It has been strongly contended, however, that, even if the language of the letter was operative as a partial assignment against an ordinary holder of the fund, in the case in hand it was not effective, as the trustees of the Girard estate were a branch of the city government, and it has been decided that a municipal corporation is not bound to recognize a partial assignment of a claim against it. This was decided in Geist's Appeal, 104 Pa. St. 351, where it is held that an assignment of a portion of a claim against the city of Pittsburg could not be enforced.

It would be difficult to determine whether the trustees of the Girard estate could avail themselves of the privileges and immunities of a city department that administers the city money collected from the taxpayers for municipal purposes, and where the officials would be very much embarrassed by the enforcement of partial assignments. The municipal corporation is trustee of the will of Stephen Girard for the purposes of carrying out the trusts declared in his will, and it is difficult to see any reason why they should be exempt from the duties of other trustees.

The reason for the exception made in favor of municipal corporations is that they would be embarrassed and harassed by partial assignments dividing funds into small payments. It is not evident that this reason would apply to the trustees of the Girard estate, but it is not necessary to decide this question, because they are not the holders of the fund; they are not defending the action; and, even if they were at one time privileged holders of the fund, the reasoning that applies to the decisions exempting municipal corporations is not applicable, the fund having passed into the hands of the trustee in bankruptcy.

Report of Referee upon Exceptions.

To the Honorable the Judge of the District Court for the Eastern District of Pennsylvania.:

The referee has fully considered the arguments of counsel on the exceptions, and cannot find any reason to change the views already expressed. The latter deposited with the trustees of the Girard estate appears to him, under the authorities, to fully comply with all the requirements of a valid, partial, equitable assignment, in that it is an unconditional order to pay, and also contains a designation of the fund sufficiently specific to comply with the authorities already cited.

As to the question raised that the letter of request was not binding upon the trustees of the Girard estate, a branch of the municipal government, and that, therefore, the letter could not operate as an assignment of the fund within four months of the bankruptcy, the referee is of the opinion that, if an equitable assignment is in proper form, it is, as against a privileged holder of the fund, only voidable; not void. If such holder should see fit to comply with the assignment, he would be safe in doing so. The law still prevails. The privilege only extends to the enforcement of the law, and, the fund having been transferred by the trustees of the Girard estate to the trustee in bankruptcy, with the reservation of the rights of the Boston Blower Company by the letter mentioned, no question can be raised as to the enforcement of the law, and the letter of request operates as an assignment, as it was executed in good faith more than one year before the adjudication in bankruptcy. Therefore the exceptions are dismissed.

C. Wilfred Conrad, for trustee.

Thomas S. Gates and Frank P. Prichard, for William S. Eaton, Jr.

J. B. McPHERSON, District Judge. I agree with the referee in holding that the order in question operated as an equitable assignment of part of the fund, and that the trustee in bankruptcy of the assignor took the fund subject to the assignment. The transaction was valid between the bankrupt and the blower company, even if for reasons of public policy it could not be enforced against the city of Philadelphia.

The decision of the referee is affirmed.