## LESAIUS v. GOODMAN.

(Circuit Court of Appeals, Third Circuit. November 30, 1908.)

### No. 57.

1. BANKRUPTCY (§ 446*)—PETITION FOR REVIEW—SCOPE.

On a petition for review in bankruptcy, authorized by Bankr. Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), the Circuit Court of Appeals can only revise the proceedings of the District Court in matters of law.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. § 446.*]

2. BANKRUPTCY (§ 305*)—SECRETION OF ASSETS—PLEADING—VARIANCE.

Where a trustee's petition charged that the bankrupt had removed a dray load of clothing from his store and secreted the same in the house of his father, and that he had failed to account for $10,000 in money, both of which allegations the bankrupt denied, an order of the bankruptcy court directing that the bankrupt deliver "gentlemen's furnishings and clothing to the value of $4,000" was erroneous,, as without the issues.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 466; Dec. Dig. § 305.*]

3. BANKRUPTCY (§ 305*)—ORDER WITHOUT THE ISSUES—CURING ERROR—ABANDONED PETITION.

Where an order in bankruptcy, directing that the bankrupt deliver certain gentlemen's furnishings and clothing of a specified value, was erroneous as without the issues, the error was not cured by a petition which had been abandoned, and on which no issue was joined.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 466; Dec. Dig. § 305.*]

Petition for Revision of Proceedings of the District Court of the United States for the Middle District of Pennsylvania, in Bankruptcy.

For opinion below, see 163 Fed. 614.

R. L. Levy, for petitioner.

C. A. Van Wormer, for respondent.

Before GRAY, Circuit Judge, and BRADFORD and LANNING, District Judges.

LANNING, District Judge. This matter comes before the court on a petition to revise an order of the District Court. It appears by the record that on September 19, 1906, Henry Goodman, the trustee of the estate of Frank P. Lesaius, bankrupt, filed a petition in the District Court containing the following allegations:

"(1) That a large dray load of clothing was removed in the nighttime by the bankrupt from his store in Scranton, Pa., and secreted in the house of William Lesaius, the father of the bankrupt. That your petitioner is informed and believes that said property is now in the possession or under the control of said bankrupt, and is at present concealed from your petitioner as trustee.

For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"(2) That the bankrupt has failed to account for a large amount of money, to wit, the sum of $10,000 and upwards, which is shown by his schedules filed herein and from examination of said bankrupt to have been in his possession, and your petitioner believes said money is now in possession or under the control of the said bankrupt."

The prayer of the petition was:

"That a rule may be granted upon said bankrupt to show cause why an order should not be made upon him to turn over to your petitioner, as trustee, said property and money in his possession or under his control."

A rule was granted, returnable September 22d, on which day the bankrupt filed an answer containing the following denials:

"(1) He denies that a dray load of clothing was removed in the nighttime from his store in Scranton, Pa., and secreted in the house of his father, and that the said property in question is now in his possession and under his control.

"(2) He denies that there is now the sum of $10,000 and upwards in his possession or under his control, which he is now withholding from Henry Goodman, trustee."

Upon these pleadings testimony was taken, and the referee in charge of the case in May, 1908, made an order discharging the rule, for the reason that the evidence was not sufficient to satisfy him that the bankrupt had in his possession or under his control "any specific property or certain sum of money." The referee's order was then taken to the District Court on a petition for review, and reversed; that court adjudging "that the said F. P. Lesaius, bankrupt, at the time of the service upon him of said rule, had in his possession, and now has, goods and merchandise belonging to said estate which he neglects and refuses to turn over to his said trustee, to wit, gentlemen's furnishings and clothing to the extent and of the value of $4,000, late a part of the stock of goods which he had in his store at Scranton, Pa.," and ordering that the bankrupt "forthwith produce and deliver or turn over to the said Henry Goodman, his trustee, at such convenient place in the city of Scranton as he may designate, the said goods and merchandise."

The last-mentioned order is the one now before us on the bankrupt's petition for revision. As that petition is filed under the provision of section 24b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]), we can only revise the proceedings of the District Court in matters of law. There were but two issues before the court—one relating to the dray load of clothing, and the other to the alleged fraudulent retention of the bankrupt of $10,000 in money. On the former issue, the District Court found in favor of the bankrupt. The other issue presented the question as to whether the bankrupt had fraudulently retained $10,000, or any part of that sum. The court's order, however, does not deal with that issue. It directs the bankrupt, not to pay over $4,000 which he has fraudulently retained, but to deliver "gentlemen's furnishings and clothing to the extent and of the value of $4,000."

We think the order is not supported by the pleadings, and that it must be reversed.

The effort of the trustee's counsel to support the order by another petition filed by the trustee on September 13, 1906, is unavailing. That petition was abandoned, or at least was not brought to a hearing; for the referee's certificate shows that, when he certified the proceedings to the District Court on the trustee's petition for review, he sent up the petition filed on September 19, 1906, and not the one filed September 13, 1906. Besides, the bankrupt's answer joined issue with the later, and not the earlier, petition.

But the unsatisfactory character of the bankrupt's answer, with its negative pregnant, denying "that there is now the sum of $10,000 and upwards in his possession or under his control which he is now withholding from Henry Goodman, trustee," from which it may be inferred that he is withholding a less sum than $10,000, and the clear evidence of fraud mentioned in the opinion of the District Court (see In re Lesaius, 163 Fed., at pages 619, 620), lead us, while reversing the order, to remand the case to that court, without prejudice to such further proceedings as justice may demand.